IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MITCHELL D. SIGG,

        Plaintiff,

        vs.                Case No. 11-2625-JTM

DISTRICT COURT OF ALLEN COUNTY,
KANSAS, 31ST JUDICIAL DISTRICT, ET. AL,

        Defendants.

MEMORANDUM AND ORDER

This action arises from the aftermath of a divorce proceeding between Mitchell Sigg's parents. Mr. Sigg and his business entities were brought into the divorce proceeding as necessary parties. The state district court in Allen County granted the divorce and entered an equalizing judgment against John Sigg, Mitchell Sigg, and their businesses. The Kansas Court of Appeals affirmed the judgment of the district court. Mr. Sigg has now filed this action against the Allen County, Kansas District Court, Judge Russell, and several attorneys involved in the divorce case arguing they conspired to deprive him of millions of dollars and that they violated his Fifth Amendment due process rights. All defendants have filed motions to dismiss challenging this court's jurisdiction. *See* Dkt. Nos. 6, 9, 11, and 16. Because the court lacks jurisdiction over the parties and the claims for various reasons, as explained below, the court grants the defendants' motions and dismisses this action. The court also denies Mr. Sigg's Motion for Leave to Amend Complaint (Dkt. No. 53) and denies as moot his remaining motions. *See* Dkt. Nos. 3, 18, 38, and 41.

**I. Factual Background**

In May 2001, Linda Sigg filed for divorce from her husband John Sigg in the District Court of Allen County, Kansas. Before being served with the divorce papers, John transferred his assets to his son Mitchell Sigg under an alleged 1984 agreement between Linda, John, and Mitchell. The agreements provided that when Mitchell turned 40 years old he would be given all of the family businesses, except for 50% of Sigg Auto Parts, a store run by Linda. Because of this agreement, Mitchell and his business entities were brought into the divorce action as necessary third parties under Kan. Stat. Ann. § 60-219 in 2003.

In October 2007, following a bench trial, the District Court entered judgment in Linda's favor against John and Mitchell jointly and severally in the amount of $7,064,625.83. Mitchell posted a one million dollar bond and titles to 200 automobiles to stay the execution of the state court judgment. John and Mitchell appealed to the Kansas Court of Appeals, which upheld the District Court's judgment. *See In re Marriage of Sigg*, 2010 WL 3636268 (Kan. Ct. App. 2010). The Kansas Supreme Court denied their request for appeal, and the United States Supreme Court also denied their Petition for Writ of Certiorari.

Mitchell filed this case against the District Court of Allen County, Kansas, Judge Janice Russell, and attorneys Trey Meyer, Mark Emert, the law firm of Fagan, Emert, & Davis, Mark Sevart, and Russell Mills. Mr. Sigg contends the defendants conspired in a theft ring to deprive him of millions of dollars and violated his Fifth Amendment right to due process. Specifically, Mr. Sigg brings the following claims against the defendants: (1) violations of the Fifth Amendment; (2) § 1983 civil conspiracy/collusion; (3) fraud and misrepresentation; (4) intentional fraud/fraud on the court; (5) gross negligence/legal malpractice; (6) detrimental reliance; and (7) intentional infliction

of emotional distress/tort of outrage/outrageous government conduct. Further, Mr. Sigg contends the defendants continue to file unnecessary motions in state court to harass him and cause him emotional distress. He argues his family has suffered as well because of the defendants' actions, and that his wife developed breast cancer because of the stress.

John Sigg filed a similar case in 2006, and this court granted the defendants' motions to dismiss under 12(b)(1) and (6). And the court declined to exercise supplemental jurisdiction over the state law claims. The Tenth Circuit affirmed the judgment and noted that the "appeal borders on being frivolous." *Sigg v. District Court of Allen County, Kan.*, 253 Fed. App'x 746, 747 (10th Cir. 2007).

## II. Legal Standards: 12(b)(1) and (6)

### A. 12(b)(1)

Rule 12(b)(1) motions are generally facial or factual attacks on a court's subject matter jurisdiction over the allegations in the complaint. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Under a facial challenge, the court considers the factual allegations pled in the complaint as true. *Id.* Because federal courts are courts of limited jurisdiction, they must exercise jurisdiction only when specifically authorized to do so. *Castenda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). If the court finds subject matter jurisdiction is lacking it must dismiss the plaintiff's complaint. *Bushnell, Inc. v. Brunton Co.*, 659 F. Supp.2d 1150, 1157 (D. Kan. 2011) (citing *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995)). "If defendants challenge federal jurisdiction, plaintiffs bear the burden of showing jurisdiction is proper." *Id.* (citing *Jensen v. Johnson County Youth Baseball League*, 838 F. Supp. 1437, 1439-40

(D. Kan. 1993)). Conclusory allegations are insufficient. *Id.*

### B. 12(b)(6)

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims. *Id.*

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz* , 534 U.S. at 511). The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption

4

of truth. *Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

Additionally, because plaintiff is proceeding pro se, this court construes his arguments liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. Legal Conclusions

### A. Claims Against the Allen County, Kansas District Court

The District Court contends this court lacks subject matter jurisdiction over it because of Eleventh Amendment sovereign immunity. "Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity."[1] *Green v. Mansour*, 474 U.S. 64, 67-68 (1985). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984);

---

[1]The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "Even though the clear language does not so provide, the Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's own State in Federal Court." *AMISUB (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 792 (10th Cir.1989) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)).

*see Ross v. Bd. of Regents of the Univ. of N.M.*, 599 F.3d 1114, 1117 (10th Cir. 2010) (holding that the Eleventh Amendment barred plaintiff's suit against state agency). "In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). This bar applies regardless of the type of relief sought. *Pennhurst*, 465 U.S. at 100.

The Supreme Court's decision in *Ex parte Young* created an exception to the general rule of sovereign immunity by providing that a suit challenging the constitutionality of a state official's action when enforcing state law is not one against the state itself. *Green*, 474 U.S. at 64; *see Ex parte Young*, 209 U.S. 123, 159-60 (1908). "*Young* also held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law." *Green*, 474 U.S. at 68. This exception does not apply to claims for retrospective relief. *Id.* at 68. Additionally, this exception does not apply in every case in which prospective injunctive relief is sought against a state official. *Coeur d'Alene*, 521 U.S. at 281-82 (holding that action which was the functional equivalent of a quiet title action did not fall under the *Ex parte Young* doctrine).

Here, the District Court is an agency of the State of Kansas. *See* KAN. CONST. art. III, §§ 1,6 (providing that district courts are a division of the state judicial system). And the District Court has not consented to suit nor has Congress abrogated sovereign immunity in this instance. Thus, the District Court is entitled to sovereign immunity. *See Sigg v. District Court of Allen County, Kan., 31st Judicial Dist.*, No. 06-2436, 2007 WL 913926, at *6 (D. Kan. Mar. 23, 2007); *Heffington v.*

6

*Dist. Court of Sedgwick County*, No. 05-4028, 2005 WL 1421530, at *5 (D. Kan. June 17, 2005); *Todd v. Kansas*, No. 91-4099, 1992 WL 24438, at *1 (D. Kan. Jan. 7, 1992). Accordingly, this court lacks subject matter jurisdiction over the District Court and the claims against it shall be dismissed.

### B. Claims Against Judge Janice Russell

Mr. Sigg does not specify whether he brings suit against Judge Russell in her official or her individual capacity. Liberally construing his Complaint, the court will assume he asserts both official and individual capacity claims. Because Judge Russell is a state official, the official capacity claims against her for money damages constitute actions against the State of Kansas and are barred by the Eleventh Amendment. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006); *Ruiz v. McDonnell*, 299 F.3d 1173, 1180-81 (10th Cir. 2002). Further, Mr. Sigg seeks no prospective injunctive relief and alleges no facts showing Kansas has waived its sovereign immunity. Therefore, this court lacks subject matter jurisdiction over Mr. Sigg's official capacity claims against Judge Russell, and those claims are dismissed.

Judge Russell argues that the individual claims for money damages against her must be dismissed under the doctrine of absolute judicial immunity. At common law, it has long been held that judges are absolutely immune from civil liability while carrying out their judicial functions. *See Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (citing *Henriksen v. Bentley*, 664 F.2d 852, 855 (10th Cir. 1981)). Judicial functions are those acts performed by a judge when the parties deal with the judge in her judicial capacity. *Deelen v. Fairchild*, 2006 WL 2507599, at *4 (10th Cir. 2006). And judicial immunity protects a judge from individual liability even if she acts in bad faith, acts with malice, or in excess of authority. *Whitesel*, 222 F.3d at 867.

7

Here, Mr. Sigg does not allege any wrongdoing by Judge Russell performed outside her judicial functions. And he does not contend she acted outside her capacity in presiding over the divorce and making judgments. Rather he contends Judge Russell violated the law by virtue of entering judgements in the divorce case. Accordingly, Judge Russell is entitled to absolute judicial immunity on all of Mr. Sigg's individual capacity claims against her, even his general conspiracy claims. Thus, all claims against her are dismissed.

### C. Claims Against Defendants Meyer, Emert, Fagan, Emert & Davis, L.L.C., Sevart, and Mills

First, Meyer, Emert, and Fagan, Emert & Davis argue the claims against them should be dismissed under the *Rooker-Feldman* doctrine because this case is "inextricably intertwined" with the state court divorce case.[2] The *Rooker-Feldman* doctrine prevents federal district courts from exercising subject matter jurisdiction over cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine also prohibits a district court from considering claims that are "inextricably intertwined" with a prior state-court judgment. *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006). "A claim is inextricably intertwined if the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks in *redress*.'" *Id.* (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002))

---

[2]Although neither Sevart nor Mills move for dismissal under *Rooker-Feldman*, the court considers the doctrine as it applies to them because the doctrine implicates the court's subject matter jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).

(emphasis in original). Said another way, "if adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or void, the claim is inextricably intertwined with the merits of the state court judgment." *Weaver v. Boyles*, 172 F. Supp.2d 1333, 1338 (D. Kan. 2001). "'The fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" *Collins v. Kansas*, 174 F. Supp.2d 1195, 1198 (D. Kan. 2001) (quoting *Bisbee v. McCarty*, 3 Fed. App'x 819, 822-23 (10th Cir. 2001) (further quotation omitted)).

Here, Mr. Sigg primarily contends that the defendants conspired to steal money from him and deprived him of due process using the court system as their front. The specific acts of the conspiracy go to the very core of the state court case, and primarily include the judgments entered by the Allen County District Court against Mr. Sigg. The injury Mr. Sigg alleges is directly related to the judgment rendered by the state court. Further, the only way this court could grant Mr. Sigg the relief he seeks (monetary damages) would be if it reviewed the state court divorce judgment and determined that it was wrongly entered and void. The proposed Amended Complaint does nothing to change the result. In fact it merely adds more allegations of similar wrongdoing against another district court judge.

Mr. Sigg argues the *Rooker-Feldman* doctrine is inapplicable because "[t]here is simply no other court in America who can hear a case involving a state's continued theft of property by lawyers and judges who have used the legal system to carry out their crime." Dkt. No. 23, pgs. 2-3. This argument is unavailing and only bolsters the defendant's argument that Mr. Sigg has sought relief in this court simply to overturn the state courts' earlier decisions. "'[T]he type of judicial action barred by *Rooker-Feldman* [] consists of a review of the proceedings already conducted by the

'lower' tribunal to determine whether it reached its result in accordance with the law.'" *P.J. ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006)) (alterations in original).

Further, Mr. Sigg has not challenged the constitutionality of a particular statute or a procedure for enforcement of a state judgment. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (holding that general constitutional challenges to state laws "do not necessarily require a United States district court to review a final state-court judgment in a judicial proceeding"); *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1108 (10th Cir. 2000) (holding constitutional challenge to a state statute was not barred by *Rooker-Feldman*); *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1170-71 (10th Cir. 1998) (holding that a distinct claim challenging post-judgment enforcement procedures ordered by state courts is not "inextricably intertwined" with the underlying state court judgement and not barred by *Rooker-Feldman*). The court recognizes that the Complaint comes close to challenging the validity of the procedure used to enforce the divorce judgment (i.e. the order signed by Judge Russell releasing $1,000,000 and 200 car titles to the defendants). But upon careful consideration of the Complaint, Mr. Sigg is alleging the order releasing the money and car titles was in error and was part of the conspiracy to steal money from him, not that the procedure itself was defective. Therefore, Mr. Sigg's claims challenging the divorce judgment in state court are barred by the *Rooker-Feldman* doctrine.[3]

---

[3]Because the court grants dismissal under the *Rooker-Feldman* doctrine, it need not consider the defendants remaining arguments that no state action exists or that collateral estoppel bars Mr. Sigg's claims.

*D. Supplemental Jurisdiction*

Even if not barred by *Rooker-Feldman*, this court may decline to exercise supplemental jurisdiction over Mr. Sigg's state law claims if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The court considers "'the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction.'" *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995) (quoting *Thatcher Enter. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

Here, Mr. Sigg's state law claims for fraud and misrepresentation, intentional fraud/fraud on the court, gross negligence/legal malpractice, detrimental reliance, and intentional infliction of emotional distress/tort of outrage/outrageous government conduct are closely related to the due process and § 1983 conspiracy claims. And they are all based on the judgements in the state divorce proceeding. This weighs heavily against exercising supplemental jurisdiction over the state law claims. *See Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Therefore, the court declines to exercise supplemental jurisdiction over Mr. Sigg's state law claims.

*E. Motion for Leave to Amend*

Mr. Sigg filed an Amended Complaint against defendants on January 3, 2012, after the defendants had filed their motions to dismiss. The District Court, Judge Russell, and Mark Sevart filed motions to strike the Amended Complaint arguing Mr. Sigg violated Fed. R. Civ. P. 15(a)(2). Under this Rule, when more than 21 days have passed since the filing of a responsive pleading or

11

a motion to dismiss, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Acknowledging that he should have sought leave before filing an Amended Complaint he filed the present Motion to Amend Complaint (Dkt. No. 53).

Leave should be granted freely when justice requires. FED. R. CIV. P. 15(a)(2). But leave need not be granted if the amendment would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (stating "the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint"). Because the basis for dismissal is subject matter jurisdiction under the *Rooker-Feldman* doctrine, the court finds any attempt by Mr. Sigg to amend his Complaint would be futile. Therefore, his Motion to Amend is denied.

### F. Mr. Sigg's Remaining Motions

Mr. Sigg has also filed a Motion to Stay Proceedings/Protective Order (Dkt. No. 3), Motion for Default Judgment (Dkt. No. 18), Motion to Order Lower Court and Defendants to Cease and Desist Harassment (Dkt. No. 38), and a Motion for Relief from Court Order (Dkt. No. 41). Without analyzing why these motions must fail on the merits, this court simply denies them as moot based upon the earlier determination that the court lacks subject matter jurisdiction over the claims in this case. Therefore the above-noted motions are denied.

### G. Attorney's Fees

Mr. Sevart seeks attorney's fees under 42 U.S.C. § 1988(b). Under that section, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's

fee as part of the costs" in an action to enforce civil rights under 42 U.S.C. § 1983. *See also Thorpe v. Ancell*, 367 Fed. App'x 914, 919 (10th Cir. 2010). While courts apply this provision liberally to prevailing plaintiffs, the Supreme Court has mandated a different standard for awarding attorney's fees to prevailing defendants. *See Christiansburg Garmet v. EEOC*, 434 U.S. 412, 417 (1978). "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422. A frivolous suit is one based on an indisputably meritless legal theory or one whose factual contentions are baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Only in rare circumstances will a suit be truly frivolous so as to warrant an award of attorney's fees to the defendant. *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995). But a district court clearly has discretion to do so. *See Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000). "*Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations-filing fees and attorney's fees-that deter other litigants from filing frivolous petitions." *Olsen v. Aebersold*, 149 F. App'x 750, 752 (10th Cir. 2005) (quotations omitted).

Here, Mr. Sevart contends attorney's fees are warranted because Mr. Sigg's case is frivolous and was only filed out of spite and anger. Further, he argues Mr. Sigg will continue to file frivolous claims against the defendants until he is forced to stop. Applying the standard above, the court is not convinced that Mr. Sigg should be ordered to pay attorney's fees to Mr. Sevart. It is true that Mr. Sigg's claims were ultimately dismissed and border on being frivolous, but it does not mean that his claims were completely frivolous in the sense that he presented a wholly meritless legal theory. As such, this court does not find this case presents the "rare circumstance" in which an award of

13

attorney's fees to the prevailing defendant under § 1988(b) is appropriate. *See Clajon Prod. Corp.*, 70 F.3d at 1581. Therefore, Mr. Sevart's request for attorney's fees is denied.

IT IS ACCORDINGLY ORDERED this 20th day of March 2012, that the defendants' Motions to Dismiss (Dkt. Nos. 6, 9, 11, and 16) are granted.

IT IS FURTHER ORDERED that Mr. Sigg's Motion to Amend Complaint (Dkt. No. 53) is denied).

IT IS FURTHER ORDERED that Mr. Sigg's Motion to Stay Proceedings/Protective Order (Dkt. No. 3), Motion for Default Judgment (Dkt. No. 18), Motion to Order Lower Court and Defendants to Cease and Desist Harassment (Dkt. No. 38), and a Motion for Relief from Court Order (Dkt. No. 41) are denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

14